**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH
BANKRUPTCY JUDGE

(973) 645-4693
Fax: (973) 645-2606

**NOT FOR PUBLICATION**

**FILED**
JAMES J. WALDRON, CLERK

**AUG. 23, 2012**

U.S. BANKRUPTCY COURT
NEWARK, N.J.

BY: s/ Ronnie Plasner, DEPUTY

August 23, 2012

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Law Office of Jae Choi & Associates, P.C.
Jae Choi, Esq.
One Bridge Plaza, Suite 275
Fort Lee, New Jersey
*Counsel for the Debtors*

Seidman & Pincus, LLC
Andrew Pincus, Esq.
777 Terrace Avenue, 5th Floor
Hasbrouck Heights, New Jersey 07604
*Counsel for Maxim Enterprises, LLC*

Re:   **Hyeon Seok Shin and Young Ok Shin**
      **Case No. 12-18146 (DHS)**

Dear Counsel:

      The Court has before it a motion of Debtors Hyeon Seok and Young Ok Shin ("Debtors") seeking to avoid landlord Maxim Enterprises, LLC's ("Maxim") lien on certain of the Debtors' personal property, including inventory from the Debtors' sole proprietorship. The Debtors argue that Maxim's asserted lien on their personal property impairs their exemption under section 522(d)(11) of the Bankruptcy Code. Accordingly, the Debtors argue that the lien, which arose from entry of a state court judgment, is subject to avoidance pursuant to section 522(f). Maxim, on the other hand, argues that its lien is statutory and thus, section 522(f) does not apply. Maxim argues that its lien could potentially be avoided by the Debtors under section 522(h), but that the Debtors lack standing to bring an action under that subsection.

Page 2
August 23, 2012

      For the reasons that follow, the Debtors' motion is granted.  The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 1334(b), 157(a), 157(b)(1), and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984.  This proceeding is a core proceeding pursuant 28 U.S.C. §§ 157(b)(2)(A), (B), and (O).  Venue is proper under 28 U.S.C. § 1409.  The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## FACTS AND PROCEDURAL HISTORY

      In November 2006, 273 Livingston Street Associates, LLC ("Livingston Street") entered into a five-year lease with Debtor Young Ok Shin for property located in Northvale, New Jersey ("Premises").  (Obj. of Maxim, ¶¶1-2)  The Premises was used by the Debtor to operate their retail clothing business, a sole proprietorship, known as "Sotto Voce."  (Mot. to Avoid Judicial Lien, ¶ 1)  The Debtors "began falling behind" on rent and were unable to stay current thereafter.  (Obj. of Maxim, ¶ 3)  The Debtors' last partial payment was made in December 2011.  (*Id.*)  In March 2012, Maxim filed suit for possession of the Premises in the Superior Court of New Jersey.  (*Id*. at ¶ 4)  At the time, the Debtors owed back rent in the approximate amount of $26,734.87.  (*Id*. at ¶ 3; *see* Mot. to Avoid Judicial Lien, ¶ 4)

      After trial, on or about March 15, 2012, a judgment for possession was entered in Maxim's favor.  (Obj. of Maxim, ¶ 5)  On or about March 22, 2012, Maxim locked the Debtors out of the Property.  (*Id*. at ¶ 6; Mot. to Avoid Judicial Lien, ¶ 5)  Shortly thereafter, the Debtors allege that they sought Maxim's permission to re-enter the Premises to retrieve various items of personal effects such as photo albums and medicine as well as Sotto Voce's inventory ("Property").  (See Mot. to Avoid Judicial Lien, ¶ 6)  Section 16.03 of the lease provides, in relevant part:

> At or before the Expiration Date or the date of any earlier termination of this Lease, or within fifteen (15) days after such an earlier termination date, Tenant shall remove from the Demised Premises all of the Tenant's Property (except such items thereof as Landlord shall have expressly permitted to remain, which property shall become the property of Landlord if not removed) . . . . Any items of the Tenant's Property which shall remain in the Demised Premises after the Expiration Date or after a period of fifteen (15) days following an earlier termination date [("Abandonment Period")], may, at the option of Landlord, be deemed to have been abandoned, and in such case such items may be retained by Landlord as its property or disposed of by Landlord, without accountability, in such manner as Landlord shall determine at Tenant's Expense.

Page 3
August 23, 2012

(Obj. of Maxim, Ex. A at p. 27) ("Abandonment Provision")

Maxim agreed to allow the Debtors access to the Premises for 15 minutes on March 28th, under Maxim's supervision, to retrieve their personal effects including photo albums and prescription medications. (See *Id*. at ¶ 7)  The Debtors filed a petition for relief under chapter 7 of the Bankruptcy Code on March, 29, 2012.  In May 2012, Trustee Jonathan Kohn ("Trustee") filed his 'Report of No Distribution' listing exempt assets in the amount of $28,950.[1]  The Debtors received their discharge shortly thereafter.

## **DISPOSITION**

Maxim's argument is, in essence, that the Debtors simply do not own the Property they seek to recover.  According to Maxim, the Debtors signed a lease under which property remaining on the Premises 15 days after termination of the lease is deemed abandoned.  Thus, Maxim argues, the Debtors voluntarily transferred title to the Property and therefore, do not have standing under section 522(g) of the Bankruptcy Code and accordingly may not avoid the transfer under section 522(h).  Section 522(h) provides that:

> [t]he debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if —
>
> (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and
>
> (2) the trustee does not attempt to avoid such transfer.

11 U.S.C. § 522(h).

---

[1] The Trustee's Report of No Distribution appears on the electronic docket [Case No. 12-18146] and states the following: "I, Jonathan Kohn, having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. . . . Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 1 month[]. Assets Abandoned (without deducting any secured claims): $ 650.00, Assets Exempt: $ 28,950.00, Claims Scheduled: $ 189,438.70, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $189,438.70."

Page 4
August 23, 2012

Section 522(h) requires a debtor have standing to exempt the property under section 522(g)(1) before avoiding a transfer. Section 522(g) states, in relevant part, that:

> the debtor may exempt . . . property that the trustee recovers . . . to the extent that the debtor could have exempted such property . . . if such property had not been transferred, if—
>
> (1)
>
> (A) such transfer was not a voluntary transfer of such property by the debtor; and
>
> (B) the debtor did not conceal such property[.]

11 U.S.C. § 522(g).

Thus, under section 522(h), a transfer can be avoided by a debtor only where such transfer was involuntary and the property transferred was not concealed. *See In re Bistransin*, 95 B.R. 29, 31 (Bankr. W.D. Pa. 1989). Maxim does not dispute that the Debtors did not conceal the Property. Instead, the Court must determine whether the transfers were voluntary and thus, not subject to avoidance under section 522(h). Though the Code does not define the term "voluntary," ordinarily "the determining factor is the degree of personal control exercised by a debtor in transferring the recovered assets." *In re Rincan*, 2010 Bankr. Lexis 4189, at *6 (Bankr. D.N.J. Nov. 17, 2010) (citing *In re Huebner*, 18 B.R. 193, 195 (Bankr. W.D. Wisc. 1981). Generally, a transfer is considered involuntary "when the property is transferred by operation of law, such as by means of an execution of judgment, repossession, or garnishment." *Id*. (quoting *Davis v. Sunderov (In re Davis)*, 169 B.R. 285, 295 (E.D.N.Y. 1994)). Put differently, a voluntary transfer occurs where a debtor "with knowledge of all of the essential facts and free from persuasive influence of another chooses of her own free will to transfer property to the creditors." *Bistransin*, 95 B.R. at 31 (quoting *In re Hoffman*, 96 B.R. 46 (Bankr. W.D. Pa. 1988)). In sum, the inquiry is not a technical one.

Here, there are two transfers at issue: the creation of Maxim's lien and the alleged abandonment of the Property under the lease.[2] The Debtors argue that Maxim's lien is avoidable pursuant to section 522(f) as it impairs their exemptions in the Property. Further, the Debtors assert that they attempted to remove the Property from the Premises before the expiration of the Abandonment Period, but were prevented from doing so by Maxim. Maxim defends against the

---

[2] The Code defines "transfer" broadly to include: (A) the creation of a lien; (B) the retention of title as a security interest; (C) the foreclosure of a debtor's equity of redemption; or (D) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with (i) property; or (ii) an interest in property. 11 U.S.C. § 101(54).

Page 5
August 23, 2012

Debtors' motion by arguing that it holds a statutory lien pursuant to N.J.S.A. 2A:44-166 and thus, section 522(f) does not apply. Additionally, Maxim argues that, under the terms of the lease, the Debtors voluntarily transferred the Property and therefore, cannot avoid such transfer under section 522(h). The Court finds both transfers avoidable under section 522(h).

First, the Court considers Maxim's lien. Maxim asserts a statutory lien for unpaid rent pursuant to N.J.S.A. 2A:44-166. The statute provides, in relevant part, that "[a] rentor shall be entitled to a lien on machinery and other chattels to the extent of the rentee's interest therein for the amount of unpaid rent, from the date the rent is unpaid." N.J. Stat. Ann. § 2A:44-166. The lien attaches from the date the tenant fails to pay and does not require additional steps to perfect. *In re Holly Knitwear, Inc.*, 140 N.J. Super. 375, 382 (App. Div. 1976). As the Debtors note, section 545(3) permits a "trustee [to] avoid the fixing of a statutory lien on property of the debtor to the extent that such lien . . . is for rent; or [] is a lien of distress for rent." 11 U.S.C. § 545(3), (4); *see generally In re A & R Wholesale Distrib., Inc.*, 232 B.R. 616, 620 (Bankr. D.N.J. 1999) ("the majority of cases interpreting 11 U.S.C. § 545(3) have strictly construed the statute; that is, if the lien is for rent or distress for rent, it is avoidable, regardless of when it is incurred."). Finally, though the Debtors did not cite section 522(h), they did discuss the Trustee's right to avoid Maxim's lien pursuant to section 545(3). The Debtors' argument was understood by the Court and by Maxim: the lien, whether judicial or statutory, and the alleged abandonment are subject to avoidance by the Debtors under section 522. Here, the asserted statutory lien is avoidable by the Trustee pursuant to section 545(3) and thus, is subject to avoidance by the Debtors under section 522(h). *See A & R Wholesale*, 232 B.R. at 620 (a trustee may avoid "liens for rent and liens of distress for rent regardless of whether the lien has been enforced by sale prior to filing the petition.) (quoting 5 COLLIER ON BANKRUPTCY (15th Rev. Ed. 1996), ¶ 545.04). The lien arises by operation of law and as such, is clearly an involuntary transfer.

Second, the Court will consider alleged abandonment under the lease. As Maxim admitted at argument, the Debtors filed their petition within the Abandonment Period. The Abandonment Provision allows that Maxim may deem "abandoned" any property left behind after expiration of the Abandonment Period. Thus, it seems that the Property became property of the estate under the Bankruptcy Code. *See* 11 U.S.C. § 541(a) ("Such estate is comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the case"). Accordingly, a subsequent transfer of the Property may be a postpetition transfer subject to avoidance pursuant to section 549 of the Code. Section 549 provides, in relevant part:

>  (a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—
>
>  (1) that occurs after the commencement of the case; and
>
>  (2) (A) that is authorized only under section 303(f) or 542(c) of this title; or

Page 6
August 23, 2012

        (B) that is not authorized under this title or by the court.

11 U.S.C. § 549(a). The statute seeks to "allow the trustee to avoid those postpetition transfers which deplete the estate while providing limited protection to transferees who deal with the debtor." *ETS Payphones, Inc. v. AT&T Univ. Card (In re PSA, Inc.)*, 335 B.R. 580, 584 (Bankr. D. Del. 2005). To avoid a transfer under section 549 one must establish: "(1) a transfer; (2) of property of the bankruptcy estate; (3) that occurs after the commencement of the bankruptcy case; and (4) that was not authorized by any provision of the Bankruptcy Code or by order of the bankruptcy court." *New Jersey Mobile Dental v. Continental Assoc. (In re New Jersey Mobile Dental)*, 2008 Bankr. Lexis 1184, at *12 (Bankr. D.N.J. Apr. 7, 2008) (quoting *Official Comm. of Unsecured Creditors v. Forman (In re Forman Enterprises, Inc.)*, 281 B.R. 600, 611 (Bankr. W.D. Pa. 2002)). Here, the alleged abandonment, voluntary or not, after filing was clearly a "direct or indirect . . . dispos[ition] of or parting with (i) property; or (ii) an interest in property." 11 U.S.C. § 101(54). Also, as stated, Maxim could only deem the Property abandoned after the expiration of the Abandonment Period, which expired postpetition. Lastly, neither the Debtors nor any other party were permitted to transfer the Property under the Code or by order of the Court. Therefore, the Court finds that the alleged abandonment may have been avoided by the Trustee pursuant to section 549.

  Maxim cites *Dollar Rons II, LLC v. Dorado Investors Assocs., LLC (In re Dollar Rons II, LLC)*, 2008 Bankr. Lexis 1205 (Bankr. D.N.J. Apr. 11, 2008) to demonstrate that it may hold defenses to any such avoidance action based on the express language of the lease. Construing a similar abandonment/removal provision, the *Dollar Rons II* court found that property remaining on the premises was abandoned and thus not property of the estate. The case, however, is distinguishable. The case is inapplicable for three reasons: first, the debtor apparently made no effort to recover the property within the contractual period; second, the court assumed that the contractual period expired before the debtor was locked out; and, third, the debtor filed its petition months after the period expired.

  Maxim admits that the Trustee may have had the ability to undo the above transfer. (Obj. of Maxim, ¶ 11) Nevertheless, Maxim argues that by entering into the lease containing the Abandonment Provision, the Debtors voluntarily transferred the Property and thus, may not avoid the transfer under section 522(h).[3] (*Id.*) However, it is clear to the Court that this was not a voluntary transfer. The Debtors assert that they attempted to re-enter the Premises, but were locked out. They further allege that Maxim, after several requests, permitted the Debtors to enter

---

[3] Maxim states that "abandonment is the voluntary relinquishment of all right, title, claim and possession, with the intention of not reclaiming it." (Obj. of Maxim, ¶ 11) (quoting BLACK'S LAW DICTIONARY (5th ed. 1979)) (internal quotation marks omitted).

Page 7
August 23, 2012

the Premises, but for only 15 minutes.  Finally, as the Abandonment Period drew to a close, the Debtors filed their petition for bankruptcy protection.  True, the lease was freely entered into, and "abandonment" is by definition voluntary, but in this case the Debtors' will was thwarted.  The alleged abandonment can hardly be categorized as a transfer "choose[n] of [the Debtors'] own free will[.]"  *Bistransin*, 95 B.R. at 31.

      Ultimately, the Court's decision is an equitable one.  The Court notes that the Property constitutes the vast majority of the Debtors' scheduled assets.  (*See* Case No. 12-18146 (DHS), ECF Doc. 1 at Schedules A and B)  To deny the relief sought would undermine a fundamental goal of the Bankruptcy Code: a Debtor's attempt to gain a "fresh start."  *Johnson v. Edinboro State College*, 728 F.2d 163, 164 (3d Cir. 1984).  It appears that under the terms of the lease, the Debtors were entitled to a period within which to remove the Property from the Premises, but were denied a meaningful opportunity to do so.  Under the circumstances, Maxim should not profit from its conduct.  The Debtors' motion is hereby granted.

      An Order in conformance with this Opinion has been entered by the Court and a copy is attached.

      Very truly yours,

      *s/ Donald H. Steckroth*

      DONALD H. STECKROTH
      UNITED STATES BANKRUPTCY JUDGE

Enclosure